UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN M. HARDIMON,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　)　　　No. 4:18-cv-1763-RWS
　　　　　　　　　　　　　　　　　　)
EXECUTIVE OFFICE FOR　　　　　　　)
UNITED STATES ATTORNEYS, et al.,　　)
　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　)

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff John M. Hardimon for leave to proceed *in forma pauperis* in this Freedom of Information Act (FOIA) case. Hardimon seeks plea agreements sent to his lawyers during their representation of him in a criminal case. The Court has reviewed the financial information submitted in support, and has determined to grant Hardimon's motion to proceed *in forma pauperis*. In addition, the Court will dismiss "U.S. Attorney for Southern Illinois" as a named defendant, and direct the Clerk of Court to issue process upon the complaint as to the remaining defendants.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), I am required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. I should "liberally construe" pro se complaints such as Hardimon's. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). If the essence of an allegation is discernible, I should construe the plaintiff's claims in a way that permits them be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

**Discussion**

Under FOIA, I have jurisdiction to order the production of any agency records that are improperly withheld. U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142, (1989); 5 U.S.C. § 552(a)(4)(B).Hardimon alleges that plea agreements have been improperly withheld from him by the Executive Office for United States Attorneys ("EOUSA"), the Office of Information Policy ("OIP"), and "U.S. Attorney for Southern Illinois." Having liberally construed the complaint, the Court will allow this case to proceed as to the EOUSA and the OIP. However, to the extent plaintiff can be understood to proceed against either the United States Attorney's Office for the Southern District of Illinois or against the United States Attorney for the Southern District of Illinois, he fails to state a claim upon which relief may be granted. The FOIA authorizes suit against federal agencies only. A United States Attorney's Office is not an "agency" for FOIA purposes, and the FOIA does not create a cause of action against individual federal agency employees. *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993) (citation omitted). Therefore, "U.S. Attorney for Southern Illinois" will be dismissed as a named defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant U.S. Attorney for Southern Illinois is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon defendant Executive Office for United States Attorneys, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Room 2242, Washington, DC 20530.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon defendant Office of Information Policy, U.S. Department of Justice, 1425 New York Avenue, N.W., Suite 11050, Washington, DC 20530.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint by serving the United States Attorney in accordance with Fed. R. Civ. P. 4(i)(1)(A)(i) and by serving the Attorney General of the United States in accordance with Fed. R. Civ. P. 4(i)(1)(B).

Dated this 29th day of November, 2018.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE