UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN M. HARDIMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No: 4:18 CV 1763 RWS |
| | ) | |
| EXECUTIVE OFFICE OF THE | ) | |
| UNITED STATES ATTORNEYS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

This matter is before me on the defendants motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). I originally granted to the motion to dismiss on October 15, 2019. But on October 24, 2019, I vacated the order to reconsider the motion in light of the response filed by the plaintiff on October 21, 2019.[1] ECF No. [30]. Because the defendants conducted a reasonable search of their records and determined there were no documents responsive to Hardimon's Freedom of Information Act (FOIA) request, the motion will be granted.

## BACKGROUND

In this case, the Plaintiff Hardimon requested all plea agreements associated with case numbers 3:10-cr-30170-MJR, 11-1821, and 11-2515 pursuant to the

---

[1] The plaintiff placed his response in the mail on October 9, but it was not signed for or received by the Court until October 21, 2019. ECF No. [29]

1

Freedom of Information Act (FOIA).[2] The defendants requested all of the files associated with the aforementioned cases from the federal records center in Kansas City, MO. They then searched these files and were unable to find any responsive documents, aside from the Plea agreement executed October 1, 2010 and filed on October 19, 2010, which the plaintiff already had. ECF Nos. [26-2] and [26-3]. Accordingly, the defendants filed a motion to dismiss the case as moot.

## LEGAL STANDARD

Under Article III of the Constitution federal court jurisdiction is limited to actual cases or controversies that "must be extant at all stages of review, not merely at the time the complaint is filed." Powell v. IRS, 255 F.Supp.3d. 33, 46 (D.D.C. 2017)(quoting Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 133 S. Ct. 1523, 1528, 185 L.Ed.2d. 636 (2013)). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances ... and a federal court can no longer grant effective relief,' the case is considered moot." Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir. 2000)(quoting Beck v. Mo. State High Sch. Activities Ass'n, 18 F.3d 604, 605 (8th Cir. 1994) (alteration in original)). In FOIA cases, mootness occurs when the requested documents have been produced. Urban v. U.S., 72 F.3d 94, 95 (8th Cir. 1995).

---

[2] 5 U.S.C. § 552.

# DISSCUSSION

In this case, the United States Attorney's office searched all of their files associated with the named cases. ECF Nos. [26-2] and [26-3]. These files did not contain any responsive documents aside from the plea agreement signed on October 1, 2010 and filed on October 19, 2010. ECF Nos. [26-2]. The plaintiff already had this plea agreement as evidenced by his use of it in his criminal appeal. ECF No. [26-2]. Since the plaintiff already has access to the only responsive documents, the plaintiff's claim is moot

Although Plaintiff Hardimon argues in his response to the defendant's motion to dismiss that the United States Attorney's Office did not conduct an adequate review of their files as required by FOIA, it is unavailing. ECF No. [29]. Under FOIA an agency is required "to review, manually or by automated means, agency records for the purpose of locating those records that are responsive to the request." 5 U.S.C. §552(a)(3)(D). Generally, courts require the agency search to be "reasonably calculated to uncover all responsive documents." Miller v. U.S. Dept. of State, 779 F.2d 1378, 1383 (8th Cir. 1985). "But the search need only be reasonable, it does not have to be exhaustive." Id.

In his response, the plaintiff makes conclusory statements that this search was inadequate, but he does not make any factual allegations that dispute the adequacy of the search. ECF No. [29]. Hardimon attempts to argue that the search

was inadequate or performed in bad faith by arguing that additional plea agreements that are responsive to his request must exist. ECF No. [29]. But the factual allegations provided, taken as true, do not establish the existent of other responsive documents, much less the inadequacy of the agency's search.

Even if the factual allegations provided by the plaintiff proved that another plea agreement existed at one time, "the standard of reasonableness which we apply to agency search procedures does not require absolute exhaustion of the files; instead it requires a search reasonably calculated to uncover the sought materials." Miller, 779 F.2d. 1384-85. "[T]he Department is not required by the Act to account for documents which the requester has in some way identified if it has made a diligent search for those documents in the places in which they might be expected to be found; it is not necessary to create a document that does not exist in order to satisfy a [FOIA] request." Miller, 779 F.2d. 1385 (internal citations omitted).

Here, the defendants searched the files associated with the specified cases, which is where additional plea agreements would likely be found. ECF No. [26-2] and [26-3]. The fact that they were unable to find any additional plea agreements does not render this search inadequate. The search performed was reasonably calculated to uncover the requested documents. Since there are no other outstanding document requests, the case is moot.

## CONCLUSION

The defendants conducted a reasonable search of their records. The plaintiff had access to the only responsive documents. Since the requested documents have been produced, the FOIA claim is moot.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants motion to dismiss ECF No. [26] is **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(1).

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE

Dated this 5th day of November 2019.